IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EMMANUEL MARTINEZ ROSAS,

Petitioner,

vs.

WARDEN, McCook Detention Center, et al.,

Respondents.

8:26-CV-475

ORDER

The petitioner has filed petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petition will be denied.

The petitioner is a Mexican citizen who entered the United States through the Laredo, Texas port of entry on June 6, 2023, on an H2A visa as an agricultural worker. Filing 8 at 3. On November 23, 2025, he was arrested in Douglas County on domestic violence and theft offenses, and immigration officials identified him as having overstayed his visa. Filing 8 at 3-4. A detainer was lodged and, on February 26, 2026, the petitioner was transferred to ICE custody and placed in removal proceedings. Filing 8 at 4; filing 8-1; filing 8-2.

On April 8, an immigration judge held a bond hearing pursuant to 8 U.S.C. § 1226(a) and denied bond, finding that the petitioner was a danger to the community. Filing 8 at 4; filing 8-3. The petitioner filed an application for asylum and withholding of removal which the immigration judge denied at a May 19 hearing. Filing 8 at 4. The petitioner appealed to the Board of Immigration Appeals, and his appeal is pending. Filing 8 at 4; filing 8-4.

The petitioner alleges that his continued detention violates due process. Filing 1 at 15-16. But the plaintiff was already afforded a bond hearing pursuant to § 1226, and was detained because he was found to be a danger to the community. *See* filing 8-3. Nothing in the petition suggests that the petitioner didn't receive all of the process to which he was due. *See* filing 1; *Singh v. Sommer*, No. 7:26-CV-5013, 2026 WL 2042296 (D. Neb. July 15, 2026); *see also Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026).

The petitioner suggests that circumstances have changed since that initial bond hearing, see filing 1 at 16-18, but the solution to that problem isn't a petition for writ of habeas corpus—it's to request a custody redetermination hearing based on circumstances that "have changed materially since the prior bond redetermination." *See* 8 C.F.R. § 1003.19(e); *see also* 8 C.F.R. § 236.1(d)(1). Because the petitioner failed to request a custody redetermination hearing, he failed to administratively exhaust his claim that changed circumstances warrant his release from custody. *See Cadillo Salazar v. Warden, McCook Det. Ctr.*, No. 8:26-CV-472 (D. Neb. Sept. 14, 2026) (citing *Geach v. Chertoff*, 444 F.3d 940, 945 (8th Cir. 2006)). The petitioner's claims can be resolved by demanding a hearing, and then appealing an unsatisfactory ruling to the Board of Immigration Appeals. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice.

2. A separate judgment will be entered.

Dated this 14th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge